IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF PAUL BRENT DUMAS, ET AL. | § § § | |
| Plaintiffs, | § § | NO. 3-05-CV-2290-D |
| VS. | § § | |
| WALGREEN CO. | § § | |
| Defendant. | § § | |

**<u>MEMORANDUM ORDER</u>**

Defendant Walgreen Co. has filed a second motion to compel discovery in this professional negligence and wrongful death action. At issue are interrogatories and document requests pertaining to the cell phone records of the decedent, Brent Paul Dumas, and his wife, Cynthia Dumas, for the month of October 2003.[1] Defendant argues that it needs the records to discover the identity of potential witnesses who may have knowledge of the reasons why Dumas was depressed and committed suicide. Plaintiff objects to the production of these phone records on numerous grounds, including invasion of privacy and harassment. The issues have been fully briefed by the parties in a Joint Status Report submitted on August 22, 2006, and the motion is ripe for determination.

The court initially observes that there is no statutory or judicially recognized expectation of privacy in telephone records. *See Beckwith v. Erie Co. Water Authority*, 413 F.Supp.2d 214, 223-24 (W.D.N.Y. 2006), *citing Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). Defendant is therefore entitled to the phone records if they are reasonably calculated to lead to the discovery of admissible evidence and are not sought for the purpose of harassment. With respect

---

[1] The specific discovery requests are Interrogatory Nos. 1 & 2 and Request for Production Nos. 1 & 2.

to records of phone numbers dialed by Brent Paul Dumas before he committed suicide on October 9 or 10, 2003, such records are clearly discoverable. Plaintiff blames Dumas' untimely death on the negligence of Walgreen pharmacists who filled prescriptions for Restoril, a sleep medication known to increase depression and suicidal ideations in persons who take the drug for long periods of time. However, defendant believes that Dumas was experiencing marital and business problems which may have been a source of his depression. This suspicion is founded on information provided to the police by plaintiff. (*See* Jt. Stat. Rep., Exh. A). Defendant is entitled to learn whether Dumas spoke with others about such problems in the days preceding his death so witnesses may be contacted, interviewed, and deposed. That plaintiff may feel harassed or embarrassed by this discovery does not outweigh defendant's right to relevant information.[2]

The court reaches a different conclusion with respect to the phone records of Cynthia Dumas. Such discovery is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

For these reasons, defendant's second motion to compel discovery [Doc. #24] is granted in part and denied in part. Plaintiff shall fully answer all outstanding interrogatories and document requests pertaining to the phone records of any cellular telephone used by Brent Paul Dumas during the month of October 2003. Such discovery shall be answered by **September 8, 2006.** The motion is denied with respect to the cell phone records of Cynthia Dumas.

SO ORDERED.

---

[2] Plaintiff criticizes defense counsel for the manner in which they are conducting their investigation, such as using improper questioning techniques to impugn plaintiff through innuendo and inferences of immoral acts which never occurred. (*See* C. Dumas Decl. at 1, ¶ 2). Such complaints are beyond the scope of the instant motion and should be presented to the court in a procedurally correct manner.

DATED: August 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE