IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF PAUL BRENT DUMAS, CYNTHIA DUMAS, Individually, as Representative for the ESTATE OF PAUL BRENT DUMAS and as NEXT FRIEND OF MADELINE DUMAS AND KRISTIN DUMAS, | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:05-CV-2290-D |
| VS. | § | |
| WALGREENS CO., | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Walgreen Co. ("Walgreen") moves for leave to designate Dr. Ladan Bakhtari, M.D. ("Dr. Bakhtari") as a responsible third party under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon Supp. 2006). Plaintiffs object to the designation and oppose the motion. The court grants the motion for the reasons that follow.[1]

I

This action was removed based on diversity of citizenship and arises from the death by suicide of Paul Brent Dumas ("Dumas"). Plaintiffs allege that Walgreen violated the standard of care for pharmacies when it filled prescriptions for Restoril/Temazepam that caused Dumas to

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

become suicidal. In a separate state-court lawsuit, plaintiffs aver that Dr. Bakhtari committed medical malpractice in various respects related to her prescribing Restoril/Temazepam for Dumas. Walgreen moves to designate Dr. Bakhtari as a responsible third party, contending that, in light of plaintiffs' allegations, she may be considered responsible for some or all of plaintiffs' damages. Plaintiffs oppose the motion, arguing that Walgreen has failed to plead sufficient facts to support the designation; federal procedural rules rather than § 33.004 apply in this diversity case; the deadline for adding parties was June 1, 2006, Walgreen did not file this motion until September 29, 2006, and it is effectively joining Dr. Bakhtari as a party after the deadline for doing so; if the court grants Walgreen's motion, plaintiffs will seek to add Dr. Bakhtari as a party in this case, thus defeating diversity; and the court should deny the motion because plaintiffs and Dr. Bakhtari may face conflicting determinations of fault due to the multiplicity of pending lawsuits.[2]

II

This court has applied § 33.004 in diversity cases, *see, e.g., Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449, at *2 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (order), and it has said that "it will continue to do so until persuaded that the statute does not apply," *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). Today's case does not require that the court engage in an extensive analysis of whether § 33.004 should be given full effect, and the court will apply it. In doing so, the court, as before, suggests no view on such matters as whether the statute's references to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure," *id.* § 33.004(g)(2) (plural), apply in a diversity case. *See Alvarez*, 2006

[2]Plaintiffs have also filed a separate lawsuit against two Walgreen pharmacists.

WL 1522999, at *2 n.6.  Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines."  *Womack*, 2006 U.S. Dist. LEXIS 39449, at *2-*3.

> Under § 33.004(f) and (g), the court must grant such leave unless another party timely objects and establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements and, having been granted leave to replead, fails to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements.

*Id.* at *2.  Plaintiffs have failed to make this showing.  In Walgreen's motion, it has cited the allegations that plaintiffs make against Dr. Bakhtari in their state-court lawsuit and provided a copy of the state-court petition.  It is abundantly clear that Walgreen has pleaded sufficient facts concerning Dr. Bakhtari's alleged responsibility.

The court concludes that the other grounds on which plaintiffs rely to oppose Walgreen's motion are insufficient to warrant denying the requested relief.  Although in another case the court may invoke the court-ordered deadline for adding parties to deny such a motion, the court is not persuaded—especially given the other ongoing litigation involving these same parties—that permitting Walgreen to designate Dr. Bakhtari will materially interfere with the fair and orderly sequence or completion of pretrial proceedings.  Moreover, the possibility that plaintiffs may successfully seek to add Dr. Bakhtari as a party-defendant does not merit denying the relief sought and in fact supports the premise that Dr. Bakhtari is allegedly responsible.  And the potential for plaintiffs and Dr. Bakhtari to face conflicting determinations of fault arises any time parallel lawsuits

proceed simultaneously in federal and state court.[3] Yet this prospect is not deemed sufficient of itself to warrant a stay of one case in deference to the other except in exceptional circumstances. *See, e.g.*, *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). Likewise, it does not warrant denying a request under § 33.004 to designate a responsible third party.

* * *

Accordingly, Walgreen's September 29, 2006 motion for leave to designate Dr. Bakhtari as as a responsible third party under § 33.004 is granted, and she is so designated.

**SO ORDERED**.

December 6, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

[3]Parallel lawsuits involve the same parties and the same issues. The court recognizes that there are differences in parties among the three suits in question, but the principle the court now addresses is still apt and would actually apply with greater force when suits are merely similar rather than parallel.