IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF PAUL BRENT DUMAS, ET AL. | § § § | |
| Plaintiffs, | § § | NO. 3-05-CV-2290-D |
| VS. | § § | |
| WALGREEN CO. | § § | |
| Defendant. | § § | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Cynthia Dumas has filed a motion to quash, for protective order, and to suppress notices of intent to take depositions by written questions served on six credit card companies and financial institutions--Chase MasterCard, Discover Card Services, American Express, Citi MasterCard, Wells Fargo Visa, and Chase Bank. Each deposition notice seeks the production of "any and all credit card records" pertaining to plaintiff's late husband, Paul Brent Dumas, for the period of August 1, 2003 through October 31, 2003. Plaintiff objects that the deposition notices are overly broad, unduly burdensome, and amount to nothing more than a fishing expedition.[1] Defendant counters that it needs this information in order to fully investigate the financial aspects of Dumas's life during the months preceding his death by suicide. The issues have been fully briefed by the parties in a Joint Status Report filed on December 20, 2006, and the motion is ripe for determination.

---

[1] In her original motion, plaintiff also argues that the deposition notices do not comply with the technical requirements of Fed. R. Civ. P. 31(a)(3) and that the number of depositions by written questions, together with the other depositions taken in this case, exceed the number allowed by Fed. R. Civ. P. 30(a)(2)(A) & 31(a)(2)(A). Because none of these objections are briefed by the parties in their Joint Status Report, they will not be considered by the court.

The federal rules authorize discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Judged against this standard, the court determines that the discovery sought by defendant should be allowed. As part of its defense, defendant contends that Dumas committed suicide because of pressing financial problems--not because he ingested medication purchased at a Walgreens pharmacy. In fact, Dumas stated in his suicide note that he was "tired of the bills." The credit card records requested by defendant are unquestionably relevant to this defense, particularly in light of plaintiff's sworn declaration that "[t]here were no financial problems that I knew of nor did I experience any problems paying the household bills and accounts." (Jt. Stat. Rep., Exh. A at 2, ¶ 5). Nor has plaintiff established that this discovery, which covers only the three-month period preceding Dumas's death, is overly broad or unduly burdensome. To the extent the credit card records contain private information, those concerns can be addressed by a protective order.

For these reasons, plaintiff's motion to quash, for protective order, and to suppress depositions by written questions [Doc. #64] is denied. Defendant may obtain the documents requested from the credit card companies and financial institutions, subject to a protective order to be negotiated by the parties.

SO ORDERED.

DATED: January 3, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE