```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

ESTATE OF PAUL BRENT DUMAS,       §
CYNTHIA DUMAS, Individually,      §
as Representative for the         §
ESTATE OF PAUL BRENT DUMAS and    §
as NEXT FRIEND OF MADELINE        §
DUMAS AND KRISTIN DUMAS,          §
                                  §
                                  §
                 Plaintiffs,      §
                                  § Civil Action No. 3:05-CV-2290-D
VS.                               §
                                  §
WALGREENS CO.,                    §
                                  §
                 Defendant.       §
```

## MEMORANDUM OPINION AND ORDER

In this removed action, plaintiffs move for leave to amend pleadings to join additional parties. The court must decide whether to allow plaintiffs to join two nondiverse defendants, which will result in remanding the case to state court. For the reasons that follow, the court grants the motion and remands this case.

I

In September 2005 plaintiffs sued defendant Walgreen Co. ("Walgreen") in Texas state court, alleging that it is liable for negligent acts or omissions that proximately caused the death by suicide of plaintiffs' decedent, Paul Brent Dumas ("Dumas"), from his use of the prescription medication Restoril/Temazepam. In November 2005 Walgreen removed the case based on diversity of

citizenship.  In September 2006 Walgreen sought leave to designate Ladan Bakhtari, M.D. ("Dr. Bakhtari") as a responsible third party under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon Supp. 2006).  Dr. Bakhtari is the physician who allegedly prescribed the Restoril/Temazepam that Walgreen dispensed to Dumas.  Plaintiffs filed on December 1, 2006 the instant motion to amend pleadings to join additional parties, in which they seek to join as defendants Ngoc Hong Tran ("Tran"), the Walgreen pharmacist who allegedly verified the prescriptions, and Dr. Bakhtari.  On December 6, 2006 the court granted Walgreen's motion to designate Dr. Bakhtari as a responsible third party.  Plaintiffs have filed separate state-court lawsuits against Tran and Dr. Bakhtari.  There are currently three pending suits (two in state court and one in federal court) related to Dumas's use of Restoril/Temazepam and his subsequent death.

Walgreen opposes plaintiffs' motion to amend pleadings to join additional parties because Tran and Dr. Bakhtari are both Texas citizens, and their joinder would require that the court remand the case to state court.

II

Because plaintiffs are Texas citizens, Walgreen correctly argues that the joinder of Tran and Dr. Bakhtari, who are also Texas citizens, would destroy diversity of citizenship. Consequently, under 28 U.S.C. § 1447(e) the court is permitted to

deny joinder or to permit it and remand the case to state court. 28 U.S.C. § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

To determine whether to allow a post-removal joinder that would defeat complete diversity, the court must consider (1) whether plaintiffs' purpose is to defeat federal jurisdiction, (2) whether plaintiffs have been dilatory in asking for an amendment, (3) whether plaintiffs will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

### III

#### A

Plaintiffs' purpose in seeking to add Tran and Dr. Bakhtari as defendants is not to defeat federal jurisdiction. Once Walgreen relied on Tex. Civ. Prac. & Rem. Code Ann. § 33.004 to designate Dr. Bakhtari as a responsible third party, plaintiffs became entitled under § 33.004(e) to seek to join her as a party. 3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 5.78[a] (2d ed. 2004) ("[E]xisting parties to the lawsuit may seek joinder of one designated as a responsible third party, either as a defendant or a third party defendant, and as such, liability

will be imposed in that capacity.").[1]  Plaintiffs are seeking to join Dr. Bakhtari and Tran as defendants so that all parties will be present in one lawsuit and plaintiffs will not face what they view as the prospect of inconsistent results.  Their intention is not simply to defeat federal jurisdiction.

B

Plaintiffs have not been dilatory in requesting leave to amend.  Walgreen did not seek to designate Dr. Bakhtari as a responsible third party until September 2006.  Plaintiffs filed their motion for leave to amend while that motion was pending, and before the court granted Walgreen leave to make the designation.

C

The court considers together the third factor—whether plaintiffs will be significantly injured if amendment is not allowed—and the fourth factor—any other factors bearing on the equities.  Although the court cannot say that plaintiffs will be significantly injured if amendment is not allowed, the court concludes based on the equities that plaintiffs should be permitted to add Tran and Dr. Bakhtari as parties and that the case should be remanded.

As evidenced by Walgreen's motion for leave to designate Dr.

---

[1] Because the joinder of Dr. Bakhtari alone will defeat diversity jurisdiction, it is immaterial for purposes of the court's analysis that Walgreen did not seek to add Tran, its own pharmacist, as a responsible third party.

Bakhtari as a responsible third party, this is a case that involves the potential responsibility of multiple parties. It should not be litigated in component parts but should be adjudicated at one time and in one forum, where the conduct of all the parties can be considered and all parties can be actively represented. If the court denies plaintiffs' motion, the parties will obtain in this forum a verdict that adjudicates Walgreen's liability *vel non* to plaintiffs, but it will not finally adjudicate Dr. Bakhtari's liability, if any. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(i) (Vernon Supp. 2006) ("The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person: (1) does not by itself impose liability on the person; and (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person."). If the court grants the motion and remands the case, however, the state courts—in which all three lawsuits will be pending—can consolidate the cases and litigate them at once. This will promote efficiency to the parties and the courts and the enhanced prospect of finality and consistency. *See, e.g., Coley v. Dragon Ltd.*, 138 F.R.D. 460, 466 (E.D. Va. 1990) (granting motion to amend and remanding case where plaintiff would not be accorded adequate relief in federal lawsuit and would be forced to bring suit in state court, where possibility of state-court impleader

would not serve the interest of judicial economy and would leave open the possibility of inconsistent federal and state court judgments). Under these circumstances, the court concludes that the equities favor allowing plaintiffs to add these parties.

*   *   *

Accordingly, the court grants plaintiffs' December 1, 2006 motion for leave to amend pleadings to join additional parties and directs the clerk of court to file plaintiffs' first amended complaint today.[2] Having granted the motion, it concludes that it lacks subject matter jurisdiction and remands this case to the 191st Judicial District Court, Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED.**

February 13, 2007.

_____<br>
SIDNEY A. FITZWATER<br>
UNITED STATES DISTRICT JUDGE

---

[2]The court need not reach the other motions pending in this case.